NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

November 23, 2021

Michael Aizin, Esq.
26 Court St., Ste 412
Brooklyn, NY 11242
*Attorney for Plaintiffs*

Jacqueline Vogt, Esq.
Mandelbaum Salsburg P.C.
3 Becker Farm Rd, Ste 105
Roseland, NJ 07068
*Attorney for Defendants*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** *Carolina et al. v. Miller et al.*,
Civil Action No. 21-12908 (SDW) (AME)

Counsel:

Before this Court is defendants Richard Miller and Shana Leib-Miller's (collectively, "Defendants") Motion to Dismiss plaintiffs Victor Carolina and Alina Carolina's (collectively, "Plaintiffs") Complaint (D.E. 1) for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). This letter opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendants' motion is **DENIED**.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs bring this action to recover $78,000.00 from the failed sale of the Defendants' house in Hewitt, New Jersey (the "Property"), pursuant to a contract ("Contract") executed by Plaintiffs and Defendants in November 2020. (Compl. ¶¶ 1, 14.) Pursuant to the Contract, Plaintiffs paid a deposit of $68,000.00 to defendant Robin S. Caiazzo LLC ("Caiazzo"),[1] the Plaintiffs' counsel and escrow agent, and the parties agreed to a closing date of December 29,

---

[1] Caiazzo is also a defendant in this matter, but only to the extent that it is a stakeholder in possession of the money that Plaintiffs seek to have returned. (Compl. ¶ 11.)

2020.  (*See id.* ¶¶ 2, 11, 15–16, 20–21.)  However, Plaintiffs allege that when they signed the Contract, Victor Carolina was heavily medicated and had been recently discharged from the hospital with written instructions not to make important decisions.  (*Id.* ¶ 18.)  Plaintiffs allege that Victor Carolina therefore had no capacity to enter into the Contract.  (*Id.* ¶ 19.)

Plaintiffs also allege that, prior to executing the Contract, Defendants provided a Property Condition Disclosure Statement that failed to mention that the Property's water supply is provided by a private well and not a public water utility.  (*Id.* ¶¶ 23–27.)  A water quality test of the well completed on December 22, 2020, detected high levels of Coliform bacteria and uranium.  (*Id.* ¶¶ 32–33.)  The Complaint alleges that, under the terms of the Contract, Plaintiffs could have voided the Contract, as the contaminants posed an unreasonable health risk.  (*Id.* ¶ 34.)  However, neither the parties' shared broker nor Caiazzo informed Plaintiffs that they had a right to void the Contract.  (*Id.* ¶ 35.)  A second water quality test submitted to Caiazzo on January 27, 2021, detected no contaminants.  (*Id.* ¶ 37.)  However, Plaintiffs elected to void the Contract on January 28, 2021, and demand the return of their deposit.  (*Id.* ¶ 38.)

Failing to receive their deposit, Plaintiffs filed this suit on June 23, 2021, asserting six counts against Defendants and Caiazzo.  (D.E. 1.)[2]  Defendants moved to dismiss the Complaint on August 23, 2021, arguing that the true amount in controversy is insufficient for this Court to exercise subject matter jurisdiction.  (D.E. 4.)  Plaintiffs timely filed their opposition brief, (D.E. 6), and Defendants did not file a reply.

## II.   LEGAL STANDARD

Subject matter jurisdiction establishes a court's "very power to hear the case." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) by challenging jurisdiction facially or factually. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014).  "A facial attack contests the sufficiency of the complaint because of a defect on its face, whereas a factual attack asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites." *Halabi v. Fed. Nat'l Mortg. Ass'n*, Civ. No. 17-1712, 2018 WL 706483, at *2 (D.N.J. Feb. 5, 2018) (internal citations and quotation marks omitted).  When a defendant challenges the court's exercise of subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *See Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995).

## III.   DISCUSSION

Under 28 U.S.C. § 1332(a)(1), a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Here, Plaintiffs are residents

---

[2] These counts are for: (I) Fraudulent Inducement and Misrepresentation; (II) Breach of Contract; (III) Declaratory Judgment; (IV) Unjust Enrichment; (V) Attorneys' Fees and Costs; and (VI) an Order Directing Caiazzo to Release the Contract Deposit to Plaintiffs.  (Compl. ¶¶ 39–72.)

of New York, Defendants are citizens of the New Jersey, (Compl. ¶¶ 9–10),[3] and it is undisputed that there is complete diversity of citizenship between the parties.

With respect to the disputed amount, "the party invoking diversity jurisdiction . . . bears the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000," but this "burden is not especially onerous." *Auto–Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (citing *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 506–07 (3d Cir. 2014)). In reviewing the complaint on a motion to dismiss, "'the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)). "'Accordingly, the question whether a plaintiff's claims pass the "legal certainty" standard is a threshold matter that should involve the court in only minimal scrutiny of the plaintiff's claims.'" *Id.* (quoting *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997)).

Here, the Complaint claims $78,000, which is the sum of the contract deposit of $68,000.00 and $10,000.00 in alleged attorneys' fees. (Compl. ¶ 1.) Critically, the Contract expressly provides for reasonable attorneys' fees and costs should Plaintiffs prevail in their action. (*See* D.E. 6-3 (Declaration of Michael Aizin, Esq. ("Aizin Decl.")) ¶ 5; D.E. 6-4 at 1 ¶ 3.)[4] Although 28 U.S.C. § 1332 excludes "interest and costs" from the computation of the amount in controversy, "an exception" is made for "attorney's fees in the amount-in-controversy calculation when . . . their payment is provided for by the terms of an underlying contract." *Auto-Owners*, 835 F.3d at 397 n.11 (citations omitted).

Defendants' sole argument that the amount in controversy does not exceed $75,000.00 is that Plaintiffs' claim for $10,000.00 in fees and costs is "contrived." (D.E. 4-2 at 5.) Defendants provide no evidence that the legal fees are unreasonable or claimed without "good faith," and this Court therefore cannot conclude with "legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem.*, 303 U.S. at 288–89 (notably, the only case cited in Defendants' brief). In fact, Plaintiffs' counsel declares under penalty of perjury that he has billed 25.5 hours on this matter as of September 4, 2021, incurring $9,695.00 in fees and costs. (*See* Aizin Decl. ¶¶ 3–5.)[5] The fees already incurred bring the disputed amount to more than $75,000.00.[6] This Court is therefore satisfied that it has diversity jurisdiction in this matter.

---

[3] Defendant Caiazzo is also a citizen of New Jersey, where it is incorporated and principally conducting its business. (Compl. ¶ 11.)

[4] D.E. 6-4 is Caiazzo's attorney review letter sent on November 24, 2020, on behalf of Plaintiffs, to Defendants' attorney. The letter proposed modifying the Contract to add the following language: "In the event of a default by either party, the parties may institute any available legal and/or equitable remedy at law and the successful party shall be entitled to damages, reasonable attorneys' fees and costs." (D.E. 6-4 at 1 ¶ 3.) This modification and Caiazzo's other proposed changes were accepted and countersigned on November 25, 2020. (*Id.* at 3.)

[5] Plaintiffs' counsel has a billable rate of $350 per hour and he has incurred $770 in costs. (Aizin Decl. ¶¶ 3–4.)

[6] This Court notes the accrued fees only as evidence that Plaintiffs' claim was not made in "bad faith." *Auto–Owners*, 835 F.3d at 397. This is because "later events [cannot] increase the amount in controversy and give rise to jurisdiction that did not properly exist at the time of the complaint's filing." *Id.* at 396.

**IV.    CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED**.  An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        André M. Espinosa, U.S.M.J.